TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......MIDDLESEX......., ss

No. 11-4156

NORA M. BARRAFORD, Individually and as Executrix of the Estate of DANIEL M. BARRAFORD, et al Plaintiff(s)

v.

T&N LIMITED, et al,
.............................................., Defendant(s)

### SUMMONS

To the above-named Defendant: T&N LIMITED, f/k/a T&N PLC, f/k/a TURNER & NEWELL PLC, and f/k/a TURNER & NEWALL LIMITED

You are hereby summoned and required to serve upon ....Thornton & Naumes LLP................................

................................................ plaintiff's attorney, whose address is .........................................

..100 Summer Street, 30th Fl., Boston, MA 02110......., an answer to the *complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ...................................
..200 Trade Center, Woburn, MA 01801........ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ..........................................................................
the ..........2nd.......................... day of .........December.........................................
....................., in the year of our Lord .......2011.......................... .

*Tracking Order, Civil Action Cover Sheet and Complaint
& Interrogatories

..................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX: ss.                                         SUPERIOR COURT
                                                       DEPARTMENT OF THE
                                                       TRIAL COURT

---

NORA M. BARRAFORD,
Individually and as Executrix of the Estate                Civil Action   **11-4156**
of DANIEL M. BARRAFORD, by her agent                       No.:
THE FEDERAL-MOGUL ASBESTOS
PERSONAL INJURY TRUST;

        Plaintiff,                                     <u>COMPLAINT</u>

v.                                                         <u>PLAINTIFF DEMANDS
                                                           A TRIAL BY JURY</u>

T&N LIMITED,
   f/k/a T&N PLC,
   f/k/a Turner & Newell Plc, and
   f/k/a Turner & Newall Limited; and
TAF International Limited,
   f/k/a Turners Asbestos Fibres Limited, and
   Raw Asbestos Distributors Limited;

        Defendants.

---

[Stamp: FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX NOV 22 2011 CLERK]

Now comes the plaintiff, by her attorneys, and files the following complaint:

### PARTY PLAINTIFF

1. Plaintiff Nora M. Barraford is the widow and the duly appointed Executrix of the Estate of her late husband, Daniel M. Barraford (hereinafter "Decedent"), and resides at 202 S. Main Street, Sherborn, Massachusetts 01770.

2. The Federal-Mogul Asbestos Personal Injury Trust (the "Trust") is a Delaware statutory trust, established pursuant to the terms of the Fourth Amended Joint Plan of Reorganization for Federal-Mogul Corporation and various of its affiliates (the "Plan"), confirmed by the United States Bankruptcy Court for the District of Delaware, effective as of December 27, 2007.

1

3. Pursuant to the terms of the Plan, in exchange for a beneficial interest in the Trust, by way of the right to file a claim against the Trust, the Plaintiff irrevocably appointed the Trust as her agent to assert claims against the Defendants in this action, and assigned her right to any proceeds from such claims to the Trust. The Trust, accordingly, is exercising such agency in this action.

## PARTY DEFENDANTS

4. The defendant, <u>T&N Limited (hereinafter "T&N") formerly known as T&N plc, Turner & Newell PLC, and Turner & Newell Limited</u>, a subsidiary of Federal-Mogul Corporation, is a foreign corporation, with a principal place of business outside the Commonwealth of Massachusetts which has conducted business in the Commonwealth of Massachusetts.

5. The defendant <u>TAF International Limited ("TAF") formerly known as Turners Asbestos Fibres Limited and Raw Asbestos Distributors Limited</u>, a U.K. subsidiary of T&N, is a foreign corporation, with a principal place of business outside the Commonwealth of Massachusetts which has conducted business in the Commonwealth of Massachusetts.

6. As used in this Complaint, the term "defendants" shall include any party defendants identified in paragraphs 4-5 hereof, and their predecessors, which shall include, but is not limited to, any person, corporation, company or business entity: which formed part of any combination, consolidation, merger or reorganization from which any party defendant was created or was the surviving corporation; whose assets, stock, property, products or product line was acquired by an party defendant; whose patent rights, trademark rights, trade secrets or goodwill was acquired by any party defendant; or, which was dominated or controlled by any party defendant to such an extent that said party defendant was the "alter ego" of said corporation.

7. The Plaintiff's cause of action arises from the defendants: (a) transacting business in Massachusetts; (b) contracting to supply and/or sell goods in Massachusetts; (c) doing or causing a tortious act to be done within Massachusetts; and/or, (d) causing the consequence of a tortious act to occur within Massachusetts.

8. Decedent was exposed to defendants' asbestos and asbestos-containing materials while working as an electrician and senior engineer at the Prudential Center, Boston, Massachusetts from approximately 1960 to approximately the late 1970s.

9. During the period of time set forth in Paragraph 8, the Decedent was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied, sold, installed and/or specified by the defendant corporations.

10. The asbestos and asbestos-containing products which the Decedent was exposed to were mined, milled, manufactured, fabricated, supplied, sold, installed and/or specified by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

11. At all times pertinent hereto, the defendant corporations were engaged in the business of mining, milling, manufacturing, fabricating, supplying, installing, and/or selling asbestos and asbestos-containing products and/or which included and/or specified asbestos and asbestos-containing products to be used thereon or therein.

12. At all times pertinent hereto, the asbestos products were products mined, milled, manufactured, fabricated, supplied, installed, and/or sold by the defendant corporations and

reached the Decedent, without any substantial change in the condition of the product or products from the time that they were sold.

## COUNT I - NEGLIGENCE

13. The Plaintiff realleges the allegations of Paragraphs 1 through 12 of the Complaint, and by reference, makes them part of this Count.

14. It was the duty of the defendant corporations to use and exercise reasonable and due care in the manufacture, fabricating, testing, inspection, production, marketing, packaging, installation and sale of their asbestos and asbestos-containing products or equipment.

15. It was also the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos and asbestos products and equipment and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products and equipment.

16. It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products and equipment.

17. Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached their duties by: (a) failing to warn the Decedent of the dangers, characteristics, and potentialities of their asbestos-containing product or products when the defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn the Decedent of the dangers to which he was exposed when it knew or should have known of the dangers; (c) failing to exercise reasonable care to

warn the Decedent of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and asbestos-containing products; (d) failing to provide safe, sufficient and proper protective clothing, equipment and appliances with their asbestos-containing product or products; (e) failing to test their asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure thereto; (f) failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and asbestos-containing products; (g) failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to their asbestos and asbestos-containing products; (h) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise the Decedent of the dangers, hazards, and potentialities discovered; (i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said asbestos and asbestos-containing products so as to eliminate said dangers, hazards, and potentialities; (j) failing to provide an adequate warning to those who would foreseeably come into contact with asbestos and asbestos-containing material which was specified, recommended, required or necessarily used in the installation and/or continued maintenance of the defendant's equipment, and, (k) generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, installation, or sale of their asbestos and asbestos-containing products.

18. The defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos and asbestos-containing products.

19. As a direct and proximate result of the unreasonable, careless, and negligent conduct of the defendant corporations, the Decedent developed mesothelioma, as a result of which the Decedent incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered impairment in his enjoyment of life. Decedent's mesothelioma resulted in his death.

WHEREFORE, the Plaintiff, Nora M. Barraford, as Executrix of the Estate of Daniel M. Barraford, demands compensatory damages, plus interest and costs.

## COUNT II - BREACH OF EXPRESSED AND IMPLIED WARRANTIES

20. The Plaintiff reallege the allegations of Paragraphs 1 through 19 of the Complaint, and by reference, makes them part of this Count.

21. The Decedent was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products or equipment within the meaning of Massachusetts General Laws c. 106, §2-318, as the defendants knew or had reason to know that their asbestos-containing products would be used in the insulation or construction industry and that individuals such as the Decedent would come in contact with such asbestos materials.

22. The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products and equipment described above were merchantable, safe, and fit for their ordinary purposes and the particular purposes and requirements of the Decedent.

23. The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products and equipment would be used.

24. The Decedent relied upon the defendants' skill or judgment in selecting suitable mechanical material, insulation or construction products for safe use.

25. The defendants breached these warranties, in that the asbestos-containing products and equipment they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

26. As a direct and proximate result of the defendants' breach of warranties, the Decedent developed mesothelioma and, as a result of which he incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered impairment in his enjoyment of life. Decedent's mesothelioma resulted in his death.

WHEREFORE, the Plaintiff, Nora M. Barraford, as Executrix of the Estate of Daniel M. Barraford, demands compensatory damages, plus interest and costs.

## COUNT III-FRAUDULENT CONCEALMENT

27. The Plaintiff realleges the allegations of Paragraphs 1 through 27 of the Complaint, and by reference, makes them part of this Count.

28. Defendants and each of them acted in consort with each other and other entities to form an industry known as the asbestos industry. The said Defendants, acting separately and in consort with various representatives of said industry, committed acts and omissions that were calculated to cover up or minimize the known dangers of asbestos and asbestos containing products to users such as the Decedent. This conduct amounted to fraud and was proximate cause of Plaintiffs' injuries.

29. Defendants misrepresented material facts and concealed or failed to disclose certain facts regarding the dangers of asbestos exposure which knowledge said Defendants knew at the time said products were introduced into the stream of commerce by Defendants. Defendants' misrepresentations, when made, were false, and such statements were made recklessly. Further,

Defendants fraudulently concealed material facts with respect to the dangers of their asbestos products that caused the Decedent to suffer injuries.

WHEREFORE, the Plaintiff, Nora M. Barraford, as Executrix of the Estate of Daniel M. Barraford, demands compensatory damages, plus interest and costs.

### COUNT IV - MALICIOUS, WILLFUL, WANTON AND RECKLESS CONDUCT OR GROSS NEGLIGENCE

30. The Plaintiff realleges the allegations of Paragraphs 1 through 29 of the Complaint, and by reference, makes them part of this Count.

31. Since at least 1930 the defendants, possessed medical and scientific data clearly indicating that asbestos and asbestos-containing products were hazardous to the health and safety of Decedent and others in his position.

32. The defendants during the 1930's, 1940's, 1950's, and 1960's possessed voluminous medical and scientific data, studies, and reports, which information conclusively establishing that asbestos and asbestos-containing products were hazardous to the health and safety of Decedent and all other persons exposed to the products.

33. Prompted by pecuniary motives, the defendants ignored and failed to act upon such medical and scientific data and conspired to deprive the public, and particularly the users, from access to said medical and scientific data, thereby depriving them of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of the defendants.

34. The defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, by continuing to market their asbestos products, with reckless disregard for the health and safety of the Decedent and other users and consumers, knowing the dangerous

characteristics and propensities of said asbestos products, but still depriving those affected by the dangers from information about those dangers.

35. Because the defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, in marketing their hazardous asbestos and asbestos-containing products, in ignoring the medical and scientific data which was available to them, and depriving consumers, users, and the general public from that medical and scientific data, the Plaintiff is entitled to compensatory damages.

WHEREFORE, the Plaintiff, Nora M. Barraford, as Executrix of the Estate of Daniel M. Barraford, demands punitive damages, plus interest and costs.

## COUNT V-WRONGFUL DEATH

36. The Plaintiff realleges the allegations of Paragraphs 1 through 35 of the Complaint, and by reference, makes them part of this Count.

37. The acts and omissions of the defendant caused the wrongful death of Daniel M. Barraford in violation of Massachusetts General Laws ch. 229 § 2 *et. seq.*

38. The defendant's wrongful actions resulted in hospital, medical, funeral, and burial costs, and deprived the statutory wrongful death beneficiaries of Daniel M. Barraford of his services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.

39. The Plaintiff's decedent, Daniel M. Barraford, is survived by his spouse, Nora M. Barraford, who by reason of said death has been deprived of income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the said Plaintiff's decedent. In addition, the estate of the Plaintiff's decedent, Daniel M. Barraford has incurred

reasonable funeral and burial expenses as a result of the death of plaintiff's decedent, Daniel M. Barraford.

40. The defendant's wrongful actions resulted in hospital, medical, funeral, and burial costs, and deprived the statutory wrongful death beneficiaries of Daniel M. Barraford of his services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.

WHEREFORE, the Plaintiff, Nora M. Barraford, Individually and as Executrix of the Estate of Daniel M. Barraford, demands compensatory and punitive damages pursuant to Mass. G.L. c. 229 § 2 *et. seq.*, in addition to the damages in Counts I through VI, plus interest and costs.

## COUNT VI-LOSS OF CONSORTIUM

41. Plaintiff realleges the allegations of Paragraphs 1 through 40 of the Complaint, and by reference, makes them part of this Court.

42. Nora M. Barraford is the widow of Daniel M. Barraford, and at all pertinent times was the wife of Daniel M. Barraford.

43. As a direct and proximate result of the breach of duty and wrongdoing of the defendants and the resultant injury and death of Daniel M. Barraford, as more particularly described in Counts I through V, the plaintiff, Nora M. Barraford, suffered a loss of her right to consortium with her husband and the loss of her husband's services, assistance, society and companionship, and has suffered great mental anguish.

WHEREFORE, the plaintiff, Nora M. Barraford, demands compensatory damages plus interest and costs.

The Plaintiff demands a trial by jury on all issues.

DATED: November 22, 2011 		Respectfully submitted,

/s/ Robert T. Naumes, Jr.
Robert T. Naumes, Jr., Esq.
(BBO #664826)
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333  FAX (617) 720-2445
bnaumesjr@tenlaw.com